IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| JESSIE C. RIDLEY and | § | |
| DENISE RIDLEY | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. G-09-057 |
| | § | |
| ALLSTATE TEXAS LLOYDS, ET AL. | § | |

<u>OPINION AND ORDER</u>

On October 22, 2009, this Court convened a Hearing on the Plaintiff's Motion for Leave to File Their First Amended Complaint (Instrument no. 22). The Motion was filed in an effort to join an additional Defendant, Linda Marie Berghult. The Motion was opposed, but no written response to the Motion was filed by the Defendants.

At the Hearing, the Defendants, for the first time, articulated the bases of their opposition. They argue that the Amended Complaint is not pleaded with the factual specificity needed to state a bad faith claim against Berghult; that her joinder will add a non-diverse party defendant to this diversity case; and that her joinder would be, in essence, a fraudulent joinder. Plaintiffs concede that Berhult is a non-diverse party.

Since any pleading deficiency of the Plaintiff's proposed Amended Complaint could, most likely, be cured by granting further leave to amend the allegations against Berghult, denial of Plaintiff's instant Motion would be the practical equivalent of a dismissal of the Plaintiffs' claims, if any, against her. Consequently, Rule 15(a) severely restricts the Court's discretion to deny the Plaintiff's Motion. Cf. <u>Silva v. Bieluch</u>, 351 F.3d 1045, 1048-1049 (11th Cir. 2003)   Therefore, at the Hearing, this Court indicated it would grant the Motion and resolve the Defendants' other

arguments after Berghult's appearance. Subsequent research, however, has forced the Court to presently withhold a dispositive ruling on the Motion.

As indicated above, this is a diversity case. Granting the Plaintiffs' Motion would destroy the diversity needed to support this Court's jurisdiction and require an immediate remand. See Cobb v. Delta Exports, Inc., 186 F.3d 675, 677 (5th Cir. 1999) (28 U.S.C. § 1447(e) gives a District Court only two options, the Court may deny joinder of the non-diverse dispensable party or permit joinder and remand the action to State court.) Another significant problem is that a Motion to Remand has been determined, by the three United States Courts of Appeals that have addressed the issue, to be a dispositive matter which cannot, therefore, be determined by a Magistrate Judge. See Williams v. Bee Miller, Inc., 527 F.3d 259, 265-66 ($2^{d}$ Cir. 2008)  Under these circumstances, the Court is of the opinion that it should afford the Defendants a fair opportunity to brief their arguments against permitting the joinder of Berghult.

For the foregoing reasons, it is **ORDERED** that this Court's Oral Order granting the Plaintiffs' Motion for Leave to Amend their Complaint is **VACATED**.

It is further **ORDERED** that the Defendants **SHALL** file a response to the Plaintiffs' Motion on or before **November 6, 2009**; Plaintiffs' reply, if any, to the Defendants' response SHALL be filed on or before **November 13, 2009**.

**DONE** at Galveston, Texas, this _____23rd_____ day of October, 2009.

_____
John R. Froeschner
United States Magistrate Judge